**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| GUIDEONE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FREMONT EVANGELICAL FREE CHURCH,<br><br>Defendant. | **CASE NO. 8:26-cv-193**<br><br><br>**COMPLAINT<br>FOR DECLARATORY JUDGMENT** |

**COMES NOW** Plaintiff GuideOne Insurance Company, formerly known as GuideOne Mutual Insurance Company (hereinafter, "GuideOne"), and for its Complaint seeking a declaratory judgment which may affect the interests of the above-captioned Defendant pursuant to 28 U.S.C. §2201 *et. seq.*, states and alleges as follows:

1. GuideOne is and was, at all times relevant to this action, an Iowa Corporation with its principal place of business in West Des Moines, Iowa, and was duly authorized and licensed to issue policies of insurance in the State of Nebraska.

2. Defendant Fremont Evangelical Free Church (hereinafter the "Church") is and was a Nebraska Nonprofit Corporation with its principal place of business in Fremont, Dodge County, Nebraska.

3. Plaintiff brings this action pursuant to 28 U.S.C. §2201 *et. seq*.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states.

5. Venue is proper in this Court as Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

1

6. A declaration in this action may affect the interests of the Church, thus, the Church is a proper party to this action.

7. Plaintiff requests the Court construe and determine the rights, status, and other legal relations and obligations of the parties under an insurance policy issued by GuideOne to the Church bearing Policy Number 00-1435-074, with effective dates of 12/18/2024 to 12/18/2025 (hereinafter the "Policy").

8. On September 22, 2025, the Church owned real property located at 2050 N. Lincoln Avenue, Fremont, Nebraska (the "Property").

9. On or about September 22, 2025, the Church claims the Property was damaged by hail (hereinafter, the "Claimed Loss").

10. On September 22, 2025, the Property was insured under the Policy in accordance with all the terms, conditions, and duties of the Policy.

11. On November 24, 2025, GuideOne received a claim from the Church for the Claimed Loss under the Policy.

12. On November 25, 2025, GuideOne sent a letter acknowledging the claim to the Church and began its investigation and adjustment of the Claimed Loss.

13. On December 15, 2025, GuideOne received an estimate from a contractor hired by the Church to perform repairs to the Property. The estimate included suggested repairs to the roof, gutters, window, HVAC systems, signage, plumbing, and electrical, among other repairs, by the contractor.

14. On December 16, 2025, GuideOne's independent adjuster David Fiala and a representative of the Church's contractor met at the Property to conduct an initial inspection to determine whether any damage had occurred to the Property as a result of the Claimed Loss.

15. As a result of the December 16, 2025, initial inspection, GuideOne was able to determine that some damage had occurred to the Property as a result of the Claimed Loss, and that further inspection would be necessary to more fully determine the nature of damage that would be considered payable loss under the Policy as a result of the Claimed Loss, as well as an appropriate scope of work to complete necessary repairs and determine values for the damaged property and necessary cost of repairs, all in accordance with the provisions of the Policy.

16. GuideOne made arrangements for an inspection of the Property to occur on February 19, 2026, by first communicating with the Church and its contractor to agree to a mutually convenient date when the property would be made available for GuideOne's inspection, then retaining expert consultants to assist GuideOne in its inspection, and then coordinating and making appropriate travel plans for GuideOne's expert consultants to visit the Property and conduct the inspection for GuideOne on the agreed date and time.

17. On February 19, 2026, GuideOne's expert consultants Matt Long (Nelson Forensics, Denver, Colorado), Marty Prellwitz (GTP Consulting, Dallas, Texas), and Jeremy Prellwitz (GTP Consulting, Dallas, Texas) arrived at the Property to conduct the inspection for GuideOne.

18. When GuideOne's expert consultants arrived at the Property at the agreed date and time, the Church and its contractor refused to allow them full access to the Property and actively prevented them from fully inspecting the Property.

19. Despite the Church's breach, GuideOne was nevertheless able to adjust certain portions of the Claimed Loss and paid the actual cash value of damage it was able to identify as payable loss under the Policy in the amount of $306,719.65, on March 13, 2026.

20.    On March 17, 2026, a representative of the Church informed GuideOne it would be willing to cooperate by allowing another inspection of the Property, but only if GuideOne met certain conditions set by the Church prior to the time of the inspection including:

* All prior inspection reports, photographs, engineer findings, and estimates (from David Fiala, Joe Anderson, Nelson Forensics, and GTP Consulting) are provided to us and Millard Roofing at least seven (7) days before any new inspection.

* A senior GuideOne/The Mutual Group representative with full settlement authority attends the inspection.

* Any HVAC or specialized consultant is properly licensed in the State of Nebraska. You provide a firm written timeline for completion of the investigation and issuance of a full coverage decision and any supplemental payment no later than fifteen (15) days after the re-inspection.

* Any reports, findings, estimates, or other documents prepared by third parties retained by GuideOne/The Mutual Group in connection with this claim will be shared with the insured and Millard Roofing in their complete, unedited form.

21.    Neither the Policy nor Nebraska law require or obligate GuideOne to comply with such conditions.

22.    On April 2, 2026, GuideOne informed the Church in writing that it rejects the conditions of inspection set by the Church and requested the Church comply with its duties under the Policy and allow GuideOne to investigate the loss and inspect the Property.

23.    On April 2, 2026, GuideOne further sought to arrange for an inspection of the Property, by inquiring with the Church and its contractor whether the Property was available for GuideOne's expert consultants to conduct an inspection on April 6, 2026.  The Church's contractor, with apparent authority, refused to allow for an inspection unless GuideOne agreed to the contractor's conditions.

24.    The Policy provides, in pertinent part:

4

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations.

The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section H. Definitions.
\*\*\*

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:
\*\*\*

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
\*\*\*

(8) Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or

5

the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

***

**COMMON POLICY CONDITIONS**

All Coverage Parts included in this policy are subject to the following conditions.

***

**C. Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. Inspections And Surveys**

1. We have the right to:

    a. Make inspections and surveys at any time;

    b. Give you reports on the conditions we find; and

    c. Recommend changes.

25.    The Church is in breach of the Policy by failing to cooperate with GuideOne in its investigation of the claim and by denying access to the Property and refusing to permit GuideOne to inspect the Property unless and until demands made by the Church are first met.

26.    The Church's denial of access to and inspection of the Property is a material breach of the duties of the Church under the Policy.

27.    The Church's denial of access to and inspection of the Property has prevented GuideOne from inspecting, investigating and otherwise adjusting the Church's claim.

28.    The Church's denial of access to and inspection of the Property has and continues to substantially prejudice GuideOne.

29.    GuideOne has fully complied with all terms and conditions of the Policy and Nebraska law.

30.    GuideOne has been reasonably diligent in securing the Church's cooperation required by the Policy.

31.    Despite GuideOne's reasonable diligence, the Church has continued to refuse to cooperate as required by the Policy.

6

32.   GuideOne has been reasonably diligent in its efforts to inspect the Property, but the Church refuses to grant access to the Property unless GuideOne complies with demands set by the Church that the Church conditions its cooperation and access to the Property upon.

33.   Despite GuideOne's reasonable diligence, the Church continues to refuse to grant permission to GuideOne to inspect the Property as required by the Policy.

34.   Due to the Church's failure to cooperate and failure to allow for an inspection of the Property, all of which is required by the Policy, the Church is in breach of the Policy.

35.   As a result of the breach of the Policy by the Church, GuideOne has been prejudiced, harmed and damaged.

36.   As a result of the breach of the Policy by the Church, GuideOne has no further obligation to perform under the Policy, including no duty to further inspect, investigate or adjust the Claimed Loss or otherwise issue any additional payment to the Fremont Evangelical Free Church with regard to its claim for the Loss.

**WHEREFORE,** Plaintiff prays for an Order from this Court declaring and determining the rights, status, and other legal obligations and entitlements of the parties and to specifically declare that GuideOne has no duty pursuant to the Policy and Nebraska law to further inspect, investigate or adjust the Claimed Loss or otherwise issue any additional payment to the Fremont Evangelical Free Church with regard to its claim for the Loss, and  that GuideOne is entitled to its costs incurred herein and for such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff demands the trial occur in Omaha, Nebraska.

7

**DATED** this 4th day of May, 2026.

GUIDEONE INSURANCE COMPANY, Plaintiff.

By:    */s/ Matthew D. Hammes*
For:   LOCHER PAVELKA DOSTAL
       BRADDY & HAMMES, LLC
       200 The Omaha Club
       2002 Douglas Street
       Omaha, NE 68102
       Phone: 402-898-7000
       Facsimile: 402-898-7130
       Matthew D. Hammes, NE #21484
       mhammes@lpdbhlaw.com
       Amy M. Locher #24786
       alocher@lpdbhlaw.com
       Cade C. Fries, NE #28440
       cfries@lpdbhlaw.com